In the Matter of FRANCIS P. BURNS, an Attorney, Respondent.

First Department, December 18, 1931.

*Einar Chrystie,* for the petitioner.

*Francis P. Burns,* respondent in person.

FINCH, P. J. ` The respondent was admitted to practice as an attorney and counselor at law in the State of New York in July, 1904, at a term of the Appellate Division, Fourth Department.

In brief, the petition herein charged misconduct in that the respondent converted to his own use the sum of $100 which was given to him in compliance with an order of substitution wherewith to pay the attorney for whom he was substituted. Instead of using the money for that purpose, the respondent converted the same to his own use.

The respondent answered and the matter was referred to an official referee to take testimony with respect to the charges and report the same to this court with his opinion thereon. The learned referee has duly reported, charging the failure to pay over these moneys to the bad temper of the respondent and his stubborn controversy with the person to whom the moneys were owing, but which, the referee says, did not of course excuse the delay in paying over the money. The referee is further of the opinion that the proceedings in the Magistrates' Court, which compelled the payment over of these moneys by the respondent, and the prosecution of these charges have been sufficient to teach this respondent the error of his ways.

There is no substantial dispute concerning the material facts. They are as follows: In or about the month of February, 1928, Glen Landis, the defendant in a pending action for divorce, retained the respondent to look after his interests therein. Landis had previously been represented by an attorney named Herbert O. Burden. The respondent applied for an order of substitution and the court directed that the application be granted upon the payment of $100 to Burden. Thereafter the respondent moved to resettle the order awarding Burden that amount and the motion was denied, with $10 costs. On March 10, 1928, a friend of Landis gave the respondent $100 in cash, to be used for the purpose of complying with the order of substitution. On the same day the respondent gave two checks to Burden for $100 and $10, respectively, and Burden gave a receipt specifically based upon the collection of the checks, so that the possibility of the noncollection of these checks must have been present in the mind of this respondent. Thereafter on the same day the respondent verified an affidavit in support of a motion in the divorce action in the case of Landis v. Landis for an order vacating and setting aside an order previously made awarding temporary alimony and counsel fee. In this affidavit the respondent, among other things, stated that he had been substituted as attorney for the defendant in the action and that $110 had been paid to the former attorney

in accordance with the terms of the order of substitution. The check for $10 was paid, but the check for $100 was returned because of insufficient funds. On or about November 3, 1928, or nearly seven months after the receipt of this check with which to pay these costs and only after Burden had instituted proceedings against the respondent in the City Magistrates' Court, did he pay Burden this $100. The respondent testified that he had no idea that there was not sufficient money in his bank account to meet the checks for $110 at the time he issued them and that, therefore, he felt perfectly justified in making affidavit that the money had been paid. He produced his pass book showing that $80 had been deposited by him on the following Monday.

The learned referee has reported that upon the evidence he is convinced that the false statement of the respondent in his affidavit of March 10, 1928, to the effect that he had paid Burden the sum of $110, when in fact he had only given him checks for this amount, was made in good faith and that when he delivered the checks to Burden he honestly intended to pay him the amounts represented thereby and believed that the checks would be paid when presented. The learned referee also correctly adds that the guilt of the respondent in failing to make good the bad check for approximately eight months was not, of course, excused by the above facts.

When the case of Landis v. Landis came on for trial on April 4, 1928, the check returned for insufficient funds had not been made good. The respondent appeared at the trial as counsel for the defendant and attempted to act as such. When the attention of the trial justice was called to the order of substitution providing for the payment of $110 and the fact that $100 of this had not yet been paid, the trial justice properly sustained the objection. The respondent stated that he would pay and requested his predecessor counsel to wait until he could send out and get the money. Instead, however, of tendering money, the respondent tendered two checks of third parties. These Mr. Burden refused to accept. The result was that the respondent was not allowed to act as counsel for the defendant in the trial of the cause. Thereafter the respondent refused to take up the checks and assumed the position that since the substitution had not been consummated, he was not obligated to make the payment upon which it had been conditioned. He entered into a stubborn controversy with Burden, which resulted in his prosecution in the Magistrates' Court and the filing of charges with the committee on grievances of the petitioner. The respondent, instead of frankly acknowledging the facts, namely, that his conduct in not having made good the bad check given

on March 10, 1928, up to April 4, 1928, when the case of Landis v. Landis came on for trial, was the primary cause which brought on his troubles and that this cause was due to no one's fault except his own, seeks instead to berate in his answer herein the Association of the Bar of the City of New York for bringing the charges and to impugn their good faith.

Taking the most lenient view possible, namely, that the respondent did not intend to convert these moneys, nevertheless his failure to pay out promptly the moneys given to him for a specific purpose subjects his conduct to severe criticism.

For his conduct in this proceeding it is the judgment of this court that the respondent be censured.

McAvoy, Martin, O'Malley and Sherman, JJ., concur.

Respondent censured.